IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Bonnie Jean Eaddy, | ) | C/A No. 9:12-3107-JFA-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Carolyn W. Colvin, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Bonnie Jean Eaddy, brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying her claim for Disability Insurance Benefits (DIB).

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that the Commissioner's decision to deny benefits should be affirmed. The Magistrate Judge provides a detailed discussion of the undisputed and relevant medical evidence and the standards of law which this court incorporates without a recitation.

The parties were advised of their right to submit objections to the Report and Recommendation which was filed on November 6, 2013. The plaintiff has filed objections

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

to the Report and the Commissioner has replied thereto.

The plaintiff applied for DIB and alleges disability as of November 23, 2008 due to status-post left breast cancer and left arm and shoulder pain. The plaintiff was 44 years old when she alleges she became disabled. She has a high school education with past relevant work experience as a retail assistant manager.

The plaintiff's DIB application was denied initially and on reconsideration. The Administrative Law Judge (ALJ) held a hearing on March 28, 2011 and issued a decision on April 26, 2011, concluding that the plaintiff/claimant was not disabled. Once approved by the Appeals Council, the ALJ's decision became the final decision of the Commissioner. Plaintiff thereafter filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner.

## DISCUSSION

A.     *The ALJ's Findings*

In his decision of April 26, 2011, the ALJ followed the Commissioner's five-step sequential evaluation process (*see* 20 C.F.R. § 404.1520) and concluded that plaintiff's impairments were severe, but not disabling. First, the ALJ found that the plaintiff had not performed substantial gainful activity since the alleged onset date of disability, and that she had severe impairments of status post left breast cancer causing left shoulder/arm pain that did not meet or equal a listed impairment so as to be presumptively disabling. Next, the ALJ found that plaintiff had the residual functional capacity (RFC) to perform sedentary work, but that she could not perform her past relevant work. Finally, the ALJ determined, based on the vocational expert's testimony, that plaintiff could perform various sedentary jobs with

certain restrictions set out in his decision. Accordingly, the ALJ concluded that plaintiff was not disabled within the meaning of the Act.

      B.    *Arguments of the Plaintiff and Commissioner; and the Magistrate Judge's Recommendations*

As the Magistrate Judge notes, the plaintiff makes no specific claims of error in her complaint, just that she wishes for her case to be reviewed. Therefore, the Magistrate Judge has reviewed the entire record to determine whether the Commissioner's decision is supported by substantial evidence and whether the conclusion is legally correct under controlling law. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

In her objections to the Report, plaintiff does not set forth specific objections to the Report, instead she appears to recite her medical and employment history. As such, the court must overrule the plaintiff's objections.

The Magistrate Judge opines that there is substantial evidence that supports the Commissioner's decision that plaintiff was not disabled within the meaning of the Act. If the record contains substantial evidence to support the decision, then this Court is required to uphold the Commissioner's decision.

It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and resolve conflicts in the evidence. This court's scope of review is limited to the determination of whether the findings of the Commissioner are supported by substantial evidence taking the record as a whole, *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), and whether the correct law was applied," *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

Having reviewed the record in light of plaintiff's objections and under the appropriate standards, the court adopts the Magistrate Judge's Report and Recommendation. The Magistrate Judge accurately concludes that the ALJ properly considered all of the evidence and that the decision is supported by substantial evidence. The court, therefore, concurs with both the reasoning and the result reached by the Magistrate Judge and such findings are hereby specifically incorporated herein by reference.

Accordingly, the Commissioner's decision is hereby affirmed.

IT IS SO ORDERED.

March 7, 2014                                        Joseph F. Anderson, Jr.
Columbia, South Carolina                             United States District Judge

4